```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ROLANDO CHAPARRO and YELENA CHAPARRO,                             :
                                                                  :
                                        Plaintiffs,:              15 Civ. 1996 (PAE)
                                                                  :
               -v-                                                :   OPINION & ORDER
                                                                  :
NICHOLAS W. KOWALCHYN,                                            :
                                                                  :
                       Defendant and Third-Party Plaintiff,:
                                                                  :
               -v-                                                :
                                                                  :
FREDRIC LEWIS,                                                    :
                                                                  :
                               Third-Party Defendant.:
                                                                  :
------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

In this diversity action, plaintiffs Yelena and Rolando Chaparro (the "Chaparros") allege that defendant Nicholas W. Kowalchyn ("Kowalchyn") committed legal malpractice while representing them in a personal injury lawsuit. Dkt. 1 ("Compl."). Kowalchyn, in turn, alleges that, if there was any malpractice, third-party defendant Fredric Lewis ("Lewis") is liable, or jointly-liable with him, for it. Dkt. 11 ("Third-Party Compl.").

Now pending before the Court are Kowalchyn's motion for summary judgment against the Chaparros' claims, Dkt. 32, and Lewis's motion for summary judgment against Kowalchyn's third-party claims, Dkt. 43. For the reasons below, the Court denies both motions.

I.  **Background**

   A.  **The Parties**

Plaintiff Rolando Chaparro worked as a porter at the Nederlander Production Company. *See* Decl. Rolando Chaparro ("Chaparro Decl.") ¶ 1, Dkt. 53; Compl. ¶ 8. Yelena Chaparro is

married to Rolando. Chaparro Decl. ¶ 4. Together, the Chaparros claim that Kowalchyn committed legal malpractice by settling their New York State Supreme Court personal injury lawsuit for $52,500. *See generally*, Compl.; *Rolando Chaparro v. IESI NY Corp.*, No. 304477/2009 (N.Y. Sup. Ct. Aug. 12, 2013) (the "personal injury suit"). They allege that this settlement sum was "far less than the suit was worth," Compl. ¶ 68, and far less than the sum for which the Chaparros would have settled had they known the settlement fund would be used as an offset against some $269,021.43 of liens outstanding against them, *see id.* ¶¶ 1, 73–77.

Kowalchyn and Lewis, both New York attorneys, represented the Chaparros in the personal injury suit. *See* Decl. Nicholas Kowalchyn ("Kowalchyn Decl.") ¶¶ 1–3, Dkt. 38; Chaparro Decl. ¶ 1. While acknowledging that they jointly represented the Chaparros, Kowalchyn and Lewis dispute the nature of their employment relationship: Kowalchyn states that he "was an employee attorney of the Lewis Law Offices," and worked under Lewis's "supervision and direction." Kowalchyn Decl. ¶ 3. Lewis states that Kowalchyn was at all times "independent" of his law practice. Decl. Fredric Lewis ("Lewis Decl.") ¶ 12, Dkt. 44.

B. **The Personal Injury Suit**

On April 5, 2008, Rolando was injured by a garbage compactor while working. *See* Kowalchyn Decl. ¶ 3; Chaparro Decl. ¶ 1. In an attempt to recover for personal injury and losses, the Chaparros hired Lewis to represent them; on June 3, 2009, the Chaparros sued IESI Corporation and PGREF I 1633 Broadway Land, L.P. (the "personal injury defendants"). These two corporations had "operated, managed, maintained, and controlled" the compactor. Compl. ¶¶ 13–14; *see also*, Kowalchyn Decl. ¶ 3; Chaparro Decl. ¶¶ 1–2.

Although the Chaparros hired Lewis, Kowalchyn "undertook numerous functions" on the lawsuit, "including preparing pleadings and discovery materials, carrying out depositions, and

opposing [. . .] summary judgment motions." Kowalchyn Decl. ¶ 3. Lewis appears to have been the Chaparros' attorney of record during this time.[1]

A central event on which the Chaparros' legal malpractice claim turns was a November 3, 2011 settlement conference. At that conference, Kowalchyn met with the personal injury defendants and—on behalf of the Chaparros—orally agreed to settle the personal injury suit for $52,500. Chaparro Decl. ¶¶ 7–8; *see also,* Dkt. 66-1 (January 3, 2012 email confirming settlement terms). Although it is undisputed that the Chaparros agreed to settle the suit for that sum, the parties dispute what legal advice was given them in connection with it. Kowalchyn states that before he agreed to the settlement, he phoned the Chaparros, who were not present at the conference, and explained to them that any settlement award would have to be used towards offsetting an outstanding workers' compensation lien. Kowalchyn Decl. ¶¶ 3–4. In contrast, Ronaldo states that Kowalchyn did not explain that "the Chubb Group of Insurance Companies held a Workers' Compensation Lien in the amount of $231,947.00," and that, as a result of the offsetting, the Chaparros would not receive any sum from the settlement. Chaparro Decl. ¶ 9. Lewis denies any involvement with the settlement; he states that he had never "authorized" or "discussed" settlement with Kowalchyn. Lewis Decl. ¶ 7.

On December 13, 2011, the Chaparros substituted Kowalchyn for Lewis as their attorney of record. *See* note 1, *supra*.

On December 28, 2011, Kowalchyn states, he provided Lewis with a second substitution-of-attorney form, which was intended to once again make Lewis the Chaparros' attorney of record. Kowalchyn Decl. ¶¶ 6–7. Neither Lewis nor the Chaparros signed this second form. *See* Chaparro Decl. ¶ 2; Kowalchyn Decl. Ex. D, Dkt. 38-4 (unsigned second substitution-of-counsel

---

[1] Kowalchyn became the attorney of record on December 13, 2011, apparently after a settlement was reached. Kowalchyn Decl. ¶ 5 & Ex. D (substitution-of-attorney form); Lewis Decl. ¶ 11.

form); Third-Party Def. 56.1 Statement ¶ 9, Dkt. 60.  Kowalchyn also states that, as of December 28, 2011, it was Lewis who represented the Chaparros.  *See* Kowalchyn Decl. ¶ 7.

Notwithstanding the oral settlement agreement, it appears that neither Lewis nor Kowalchyn executed the forms required to finalize the settlement.  *See* Chaparro Decl. ¶ 12; Kowalchyn Decl. ¶ 7.  The personal injury suit thus continued and three motions were filed:  (1) The personal injury defendants moved to vacate a denial of their previous summary judgment motion; (2) Lewis moved to have the personal injury defendants pay the contemplated settlement fund to the Chaparros, with Lewis receiving attorney's fees, or in the alternative, to set aside the settlement and restore the suit to the court's trial calendar; and (3) Kowalchyn, separate from Lewis, cross-moved to have the personal injury defendants settle the outstanding liens, and asked the Court to determine his attorney's fees and compel Lewis to file a substitution of attorney form to make Lewis the Chaparros' attorney of record.  *See Rolando Chaparro*, No. 304477/2009, at 1 (recapping motions filed in personal injury case; filed in this case at Dkt. 43-3).

On August 12, 2013, the Honorable Alison Y. Tuitt, a New York State Supreme Court Justice (Bronx County), resolved the three motions in a memorandum and order.  She found, *inter alia*, that (1) the Chaparros were bound by their November 3, 2011 settlement, *id.* at 4–5; and (2) as of August 12, 2013, Kowalchyn was the Chaparros' attorney of record and "is responsible for ensuring that the liens be settled and satisfied," *id.* at 5.

### C.      Procedural History of This Lawsuit

On March 26, 2015, the Chaparros filed the Complaint.  Dkt. 1.  On May 27, 2015, Kowalchyn answered the Complaint, Dkt. 6, and the Court approved a case management plan, Dkt. 8.  On June 8, 2015, Kowalchyn filed a third-party complaint against Lewis, Dkt. 11, which Lewis answered on July 15, 2015, Dkt. 16.  After Lewis's addition as a party, the Court ordered

4

the parties to consult with one other and jointly propose a schedule. Dkt. 20. On December 5, 2015, Lewis filed a joint letter proposing a revised case management schedule, Dkt. 21, which the Court approved, Dkt. 22.

On January 6, 2016, Kowalchyn filed a motion for summary judgment against the Chaparros' complaint, Dkt. 32, and on January 8, 2016, Lewis filed a motion for summary judgment against Kowalchyn's third-party complaint, Dkt. 43. After the parties briefed the motions, the Court ordered further briefing on August 22, 2016, Dkt. 57. On November 22, 2016, this suit was transferred to the undersigned, and, on November 30, 2016, this Court ordered limited additional briefing. Dkt. 63.

## II.    Discussion

### A.    Legal Standards Governing Summary Judgment

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).

To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is

5

sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

### B. Legal Standards Governing Claims of Legal Malpractice

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages." *See Rudolf v. Shayne*, 867 N.E.2d 385, 386 (N.Y. 2007) (quoting *McCoy v. Feinman*, 785 N.E.2d 714, 718 (N.Y. 2002)). "An action to recover damages arising from legal malpractice must be commenced within three years after accrual." *Zorn v. Gilbert*, 866 N.E.2d 1030, 1031 (N.Y. 2007) (citing N.Y.C.P.L.R. 214 (6) (McKinney 2016)).

### C. Kowalchyn's Summary Judgment Motion

Kowalchyn's sole argument is that the three-year statute of limitations for legal malpractice bars the Chaparros' suit. That is wrong.

The statute of limitations for a legal malpractice action is tolled as long there is a "mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim." *Zorn*, 866 N.E.2d at 1031 (citing *McCoy*, 785 N.E.2d at 718; *accord Shumsky v Eisenstein*, 750 N.E.2d 67, 69 (N.Y. 2001). There is certainly evidence of a continuing representation here. The Chaparros' Complaint in this action was filed on March 17, 2015. As of August 12, 2013, within the three-period preceding the filing of the Complaint, Kowalchyn remained engaged in representing the Chaparros in their lawsuit, as demonstrated by the facts that (1) the settlement that he negotiated had yet to be executed, (2) the judge presiding over the case resolved three motions that day, and (3) Kowalchyn was identified that day by the presiding judge as the Chaparros' attorney of record. *See Rolando Chaparro*, No. 304477/2009,

6

at 5. Also within the three-year period preceding the filing of the Complaint, Kowalchyn, on June 21, 2012, filed a motion to resolve the outstanding liens. That filing evidences his ongoing representation of the Chaparros. Kowalchyn Decl. ¶ 7; Kowalchyn Decl., Ex. H, Dkt. 38-8 (motion and affirmation dated June 21, 2012). At a minimum, thus, the record would support a finding that Kowalchyn's representation lasted, and that the parties mutually understood the need for representation, until at least August 12, 2013, within three years of the filing of the Complaint in this case.

Accordingly, there is an evidentiary basis on which the Chaparros' malpractice claim against Kowalchyn based on his conduct at the November 2011 settlement conference can be found timely. Kowalchyn's motion for summary judgment is, therefore, denied.

### D.     Lewis's Summary Judgment Motion

Lewis argues that he cannot be held liable for legal malpractice because "Kowalchyn by his own letter states Lewis had not [sic] role in the settlement." Mem. Supp. Third-Party Summ. J. 3, Dkt. 45. That argument, too, fails as a basis for granting summary judgment. Although Lewis was not directly involved in the settlement conference, he was, at the time the settlement occurred, the Chaparros' attorney of record. And, drawing factual inferences in favor of the non-moving party, he was also Kowalchyn's supervisor. *See* Kowalchyn Decl. ¶ 3. Although a jury could presumably find to the contrary, Lewis is thus potentially liable, with Kowalchyn, for the acts which the Chaparros contend constituted legal malpractice.

Lewis separately argues that he was improperly joined as a third-party defendant because Kowalchyn never sought leave of the Court to file a third-party complaint. The original Civil Case Management Plan and Scheduling Order indeed states that "additional parties may not be joined except with leave of the Court." *See* Case Management Order, Dkt. 8. Lewis, however, waived this argument by failing to raise it in his answer, Dkt. 16, or in the parties' joint letter

7

proposing a revised case management plan, Dkt. 21 (filed by Lewis). The Court further notes that Kowalchyn filed his third-party complaint within the 14 days in which he was permitted to interplead as of right. *See* Fed. R. Civ. P. 14(a)(1).

## CONCLUSION

For the foregoing reasons, the Court denies Kowalchyn and Lewis's motions for summary judgment.

The Court directs counsel for all parties to confer promptly and submit a joint pretrial order, consistent with the Court's Individual Rules,[2] by March 10, 2017. Upon review of this submission, the Court will schedule a next conference in the case and set a trial date.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 17, 2017
       New York, New York

---

[2] *See* Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, Rule 5, *available at* http:// http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1271.