USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/21/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ROLANDO CHAPARRO and YELENA CHAPARRO,

                        Plaintiffs,

          -v-

NICHOLAS W. KOWALCHYN,

                        Defendant and Third-Party
                        Plaintiff,

FREDRIC LEWIS,

          -v-

                        Third-Party Defendant.
------------------------------------------------------------------- X

15 Civ. 1996 (PAE)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

      This decision resolves defendant Nicholas W. Kowalchyn's motion *in limine* seeking to limit, at trial, the amount of damages at issue in this legal malpractice suit. At an August 22, 2017 conference, the Court directed Kowalchyn to "set forth the bases for why the damages in this lawsuit are limited to the settlement amount, $52,500, reached in the underlying personal injury action in New York State Supreme Court, Bronx County (the "Bronx Action"), and/or that sum less attorneys' fees and costs." Dkt. 78. Upon review of Kowalchyn's motion and the plaintiffs' brief in opposition, the Court denies the motion.

**I.    Background**

      Plaintiffs Rolando Chaparro and Yelena Chaparro (the "Chaparros") bring this legal malpractice claim against their former attorney, Kowalchyn, alleging that Kowalchyn settled their personal injury case in the Bronx Action for "far less than the reasonable settlement value

1

of that action." Dkt.*0 ("Pl. Br.") at 2; *see* Dkt 1 ("Complaint") at ¶ 68. They also contend that Kowalchyn failed to inform them of two liens against them—a Social Services Lien and a Workers' Compensation Lien—and failed to explain to them that the consequence of those liens would be that they would not personally recover anything from the settlement. Pl. Br. at 2; *see* Complaint at ¶ 75. They also complain that Kowalchyn failed to negotiate with the lienholders "before settling the Bronx Supreme Court action or within a reasonable time thereafter." Pl. Br. at 2; *see* Complaint ¶ 79. Kowalchyn has asserted third-party claims against Fredric Lewis alleging that, Lewis is liable, or at least jointly liable, for any malpractice. *See* Dkt. 11.

On January 6, 2016, Kowalchyn moved for summary judgment, Dkt. 32, and on January 8, 2016, Lewis also so moved. Dkt. 43. In an August 22, 2016 Order, the Honorable Analisa Torres, United States District Judge, then presiding over this matter, instructed the parties that their summary judgment briefs were deficient and directed that they resubmit their pleadings. Dkt. 57. After the parties resubmitted their summary judgment briefs, the case was re-assigned to this Court.

In a February 17, 2017 Opinion, this Court denied both motions for summary judgment. Dkt. 67. The Court held the three-year statute of limitations did not bar the Chaparros' claim against Kowalchyn because record evidence supported a finding that Kowalchyn's representation lasted until at least August 12, 2013, within three years of the filing of the Chaparros' complaint. *Id.* at 6–7. The Court also rejected Lewis's argument that Lewis could not be held liable; the Court noted that Lewis, despite not being directly involved in the settlement conference, was, at the time of the settlement, the Chaparros' attorney of record. *Id.* at 7. And, the Court held, there is evidence supporting the inference that Lewis was Kowalchyn's supervisor. *Id.* The Court also rejected Lewis' argument that he was improperly joined as a third-party defendant, holding that

2

Lewis waived his objection to any improper joinder, and that, in any event, Kowalchyn filed his third-party complaint within the 14 days in which he was permitted to interplead Lewis as of right. *Id.* at 7–8.

Accordingly, the Court directed the parties to submit a joint pretrial order by March 10, 2017. Dkt. 67. On August 22, 2017, the Court held a pretrial conference, at which the Court explained that it would entertain a motion from the defendants that sought to limit damages to the amount of the settlement. *See* Dkt. 78.

On September 7, 2017, as directed, Kowalchyn filed his motion, memorandum, and exhibits attached thereto. Dkt. 79 ("Def. Br."). On September 25, 2017, the Chaparros filed their memorandum in opposition and declaration in support thereof. Dkts. 80–81. Lewis has not submitted briefing on this motion.

## II. Analysis

The damages at issue in Chaparros' malpractice claims against Kowalchyn are not limited to the amount for which the Chaparros settled the Bronx Action. Were the Chaparros' claim here simply that Kowalchyn had, but breached, a duty to notify them that the Social Services Lienholder and the Workers' Compensation Lienholder would have first claims on their recovery in the Bronx Action, that claim would be properly limited to the value of the settlement. Such a malpractice claim would be best understood as based on a failure by counsel to communicate to the Chaparros *who* would benefit from the settlement—the Chaparros or their lien creditors. By its nature, such a claim would therefore implicate only the amount for which the Chaparros actually agreed to—and did—settle.

But the Chaparros' claims against Kowalchyn, as formulated in the Complaint, are not so limited. The Complaint enumerates three separate bases for legal-malpractice liability stemming

3

from Kowalchyn's representation in the Bronx Action. The second of those theories does, indeed, turn on Kowalchyn's duty to inform them of the liens. *See* Complaint ¶ 75. But the first and third theories describe other species of malpractice that, if proven, could support greater damages.

First, the Chaparros' Complaint alleges that Kowalchyn settled their claims for far less than they were reasonably worth. The Complaint alleges: "Kowalchyn acted negligently to the extent that he settled the underlying action for far less than it was worth." Complaint ¶ 68. And the Complaint alleges facts supporting this theory. As the Complaint details, *see id.* ¶¶ 19–25, Mr. Chaparro alleged serious injuries resulting from his accident, which "[made] his case worth more than $52,500.00," *id.* ¶ 71. In particular, the Complaint alleges, Mr. Chaparro's "lost income damages alone exceeded $150,000 as of the Settlement date." *Id.* The Complaint further alleged that recovery of those damages was likely. As the Complaint alleges, the Bronx Supreme Court denied summary judgment to the defendants in the underlying action in an October 15, 2012 Order. *Id.* ¶ 37. Given that ruling, the Complaint alleges, it was "likely" that the Chaparros "would have succeeded on the merits and received a judgment far in excess of $52,500.00 after trial." *Id.* ¶ 72.

Second, the Chaparros' Complaint alleges that they agreed to the $52,500 settlement amount without having been informed of the liens against them and that, had they known of the liens, they would not have accepted such a small settlement. *Id.* ¶¶ 74, 76. This claim—the one on which Kowalchyn's motion *in limine* is based—alleges that Kowalchyn was aware of the liens at the time he advised the Chaparros to accept the $52,500 settlement offer, *id.* ¶ 54; that Kowalchyn did not inform the Chaparros, *id.* ¶ 55, or the Bronx Supreme Court, *id.* ¶ 58, of the

4

liens' and that Kowalchyn never explained to the Chaparros that, because of the liens, they would, in practice, not recover anything from the settlement, *id.* ¶ 61.

Third, the Complaint alleges that Kowalchyn acted negligently by failing to resolve either of the liens before agreeing to settle the Bronx Action. *Id.* ¶ 78. Specifically, the Complaint alleges, *inter alia*, that Kowalchyn "never attempted to negotiate the liens with either the Dept. of Social Services or Chubb, losing an opportunity to reduce the lien amounts for Plaintiffs." *Id.* ¶ 62.

The Complaint thus brings claims of legal malpractice alleging more than merely whether counsel failed to inform the Chaparros as to who stood to collect the proceeds of the $52,500 settlement. Rather, the Chaparros' claim also seeks to hold Kowalchyn liable for (1) his allegedly negligent decision to settle for $52,500 at all, and (2) his allegedly negligent failure to negotiate a final resolution of the outstanding liens at the time of the settlement.

To be sure, these theories of malpractice, as pled, might have been criticized as conclusory or factually threadbare. A colorable motion to dismiss conceivably could have been filed in this case, whether directed at all or a subset of the Chaparros' three malpractice claims. But neither Kowalchyn nor Lewis filed a motion to dismiss. Conceivably, too, a motion for summary judgment could have been filed, if counsel believed the evidence adduced could not sustain a particular theory or theories of legal malpractice. But defendants did not so move. Kowalchyn's motion for summary judgment was addressed instead only to a non-meritorious statute-of-limitations defense, without reference to the merits of the Chaparros' claims of malpractice at all. *See* Dkts. 32, 58. And Lewis' motion—in its one page of argument— did not grapple with the merits of the Chaparros' claims, either. *See* Dkt. 42. Defendants thereby

forewent these opportunities to try to winnow the scope of the Chaparros' malpractice claims. Accordingly, the Chaparros will be permitted to pursue these theories at trial.

Separately, the Court rejects Kowalchyn's argument that the damages available to the Chaparros on the second theory of malpractice—involving non-disclosure of the liens—cannot include the sum allocated to attorneys' fees under Bronx Action settlement. *See* Def. Br. at 1–3. Kowalchyn has not been able to produce to this Court—or, presumably, to the Chaparros—a copy of the retainer agreement that governed the Chaparros' representation and ostensibly provided for a fee award consistent with the settlement. *See* Def. Motion *in Limine* ¶ 10. Rather, Kowalchyn represents that the "custom and practice of the office" at the time the Chaparros would have signed a retainer agreement, "was for a personal injury client to receive two-thirds (2/3) of the net recovery, whether achieved by settlement or trial, after the deduction of necessary costs and disbursements." *Id.* Kowalchyn asks this Court to assume the Chaparros' agreement was so structured. He further asks that the Court assume that his costs and disbursements "amounted to between approximately $800.00 to $1,200.00." *Id.* To date, however, Kowalchyn has not presented evidence to substantiate these factual representations, *i.e.* that the Chaparros consented to an attorney fee of one-third of any settlement or that out-of-pocket costs totaled between $800 and $1,200. The Court cannot simply take these representations as necessarily true. Kowalchyn is, of course, free to attempt to establish these facts at trial.

## CONCLUSION

For the foregoing reasons, Kowalchyn's motion *in limine* is denied. The Clerk of Court is directed to close the motion pending at Dkt. 82. The Court will promptly schedule trial in this matter and set a date for a final pretrial conference.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 20, 2018
       New York, New York